UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETEMA L. ROSS,<br>Patient #068942-2,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; ALL (UNKNOWN) INVOLVED OFFICERS,<br><br>                                   Defendants. | Case No.: 3:18-cv-01197-MMA-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION SUA SPONTE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)** |

      KETEMA L. ROSS ("Plaintiff"), currently committed to Atascadero State Hospital ("ASH") and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages against the San Diego County Sheriff's Department ("SDCSD") and several unknown SDCSD officers. *See* Compl., Doc. No. 1 at 1-2.

      Plaintiff, who suffers from bi-polar disorder, claims the SDCSD and several of its deputies violated his Fourth Amendment rights during his November 26, 2016 arrest,

while he was allegedly un-medicated, disoriented, inadequately clothed, and seeking shelter at the Mall of the Americas near the U.S.-Mexico border. *Id.* at 2-3. He seeks $10,000 in both general and punitive damages, and requests an injunction preventing the Defendants from harassing or further injuring him. *Id.* at 5.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa

State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA."); *accord Lorenzo v. Figueroa*, No. 3:17-CV-01493 DMS BGS, 2017 WL 4792384, at *1 (S.D. Cal. Oct. 24, 2017).

Because Plaintiff is currently committed at ASH, and was not a "prisoner" as defined by the PLRA when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. *Andrews*, 398 F.3d at 1122. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2; S.D. Cal. CivLR 3.2(d).

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

   A.     <u>Standard of Review</u>

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*

3

*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Discussion</u>

1. <u>Factual Allegations</u>

Plaintiff claims that on November 26, 2016, he was "suffer[ing] from bi-polar disorder," had been robbed in Mexico, and ended up at the "Americas Mall" just after crossing the U.S. border. *See* Compl., Doc. No. 1 at 3. Plaintiff admits he "had not been taking medication, was without identification or money and was not adequately clothed." *Id.* Disoriented, he sought to stay warm by "window-shopping," when unidentified SDCSD deputies arrived. Plaintiff contends he "fully cooperated with the officers" by giving his name and Social Security number, but they cuffed him "without saying a word more after learning from their database that [he] was '51-50.'"[1] *Id.* Plaintiff next claims

---

[1] The Lanterman-Petris-Short Act ("LPS Act"), codified at Welfare and Institutions Code section 5000 et seq., "governs the involuntary treatment of the mentally ill in California." *See Jacobs v. Grossmont Hosp.*, 108 Cal. App. 4th 69, 74 (2003). Under Welfare and Institutions Code § 5150, a person may be involuntarily committed to a county mental health facility for 72 hours if there is probable cause to believe

4

3:18-cv-01197-MMA-MDD

he "blacked out and awoke to an officer's knee on [his] face." *Id.* He then "heard a gun discharge and felt a burning pain in [his] leg." *Id.* He was taken by ambulance to Sharp Medical Center where he was admitted as a "John Doe" and underwent surgery. *Id.* Plaintiff claims he was "never charged with a crime," and his mental health severely decompensated as a result of this incident, which caused him to become homeless. *Id.*

### 2. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### 3. SDCSD

First, to the extent Plaintiff names the SDCSD as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the SDCSD) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDCSD is managed

---

the individual "as a result of a mental disorder, is a danger to others, or to himself or herself, or is gravely disabled." *Id; see also Arceo v. Salinas*, No. 2:11CV2396 MCE KJN P, 2017 WL 2686063, at *6 n.4 (E.D. Cal. June 22, 2017), *report and recommendation adopted*, No. 2:11CV2396 MCE KJN P, 2017 WL 3130859 (E.D. Cal. July 24, 2017).

5

by and/or a department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the SDCSD. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*,

436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

### 4. Fourth Amendment Claims – Unidentified Officers

Plaintiff also claims that several unidentified SDCSD deputies violated his Fourth Amendment rights when they arrested him pursuant to "5150" on November 26, 2016. *See* Compl., Doc. No. 1 at 3.[2]

The Fourth Amendment prohibits "unreasonable searches and seizures," and "reasonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota,* 136 S. Ct. 2160, 2186 (2016). Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner,* 471 U.S. 1, 8 (1985) (internal quotation marks omitted); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017); *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 368, 388 (1989)). The Fourth Amendment's protections specifically apply to seizures effected pursuant to Cal. Welf. & Inst. Code § 5150. *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 914-15 (C.D. Cal. 2016) (citing *Maag v. Wessler*, 960 F.2d 773, 775-76 (9th Cir. 1991)). "Section 5150 is simply a codification of

---

[2] Plaintiff also invokes his right to "freedom from cruel and unusual punishment," *see* Compl., Doc. No. 1 at 3, but excessive force claims relating to police conduct during an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. *Plumhoff v. Rickard*, __ U.S. __, 134 S. Ct. 2012, 2020 (2014); *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Estate of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1155 (S.D. Cal. 2015); *see also Pierce v. Multnomah County,* 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment "sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."); *Nuno v. Reyes,* No. 1:18-CV-0263-DAD-SKO, 2018 WL 1795982, at *3 (E.D. Cal. Apr. 16, 2018).

particular circumstances falling into well-established exceptions to the Fourth Amendment's warrant requirement." *Id.* at 914 n.2 (citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978) ("Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.")); *see also Duarte v. Begrin*, No. C 05–05223 MHP, 2007 WL 705053, *5 (N.D. Cal. Mar. 2, 2007).

"When a person, as a result of a mental health disorder, is a danger to others, or to himself or herself, or gravely disabled," designated persons "may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services." CAL. WELF. & INST. CODE § 5150(a).

When determining whether a person should be taken into custody pursuant to § 5150(a), the individual making that determination applies § 5150.05 "and shall not be limited to consideration of the danger of imminent harm." *Id.* § 5150(b). Section 5150.05 also permits the individual making that determination to consider "available relevant information about the historical course of the person's mental disorder" when applicable. *Id.* § 5150.05(a)-(b). In fact, California law provides the individual making the determination with immunity when detention is supported by probable cause under § 5150. *See* CAL. WELF. & INST. CODE § 5278 (an individual authorized to detain person for 72-hour treatment and evaluation under § 5150 "shall not be held either criminally or civilly liable for exercising this authority in accordance with the law.").

As currently pleaded, Plaintiff's Complaint fails to allege facts to show how or why the unidentified SDSD deputies he seeks to sue lacked probable cause for his seizure pursuant to § 5150. "Probable cause exists under section 5150 if facts are known to the officer 'that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to

8

himself or herself.'" *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007) (quoting *People v. Triplett*, 144 Cal.App.3d 283, 192 Cal. Rptr. 537 (1983)).

Here, Plaintiff contends he had been "robbed in Mexico," was un-medicated and suffering from bi-polar disorder, lacked identification, was disoriented, and sought shelter in a shopping mall while inadequately clothed and in late November when they initially approached him. *See* Compl., Doc. No. 1 at 3. Plaintiff further admits that after he provided a Social Security number, the deputies learned he was "5150" "from their database." *Id.* Thus, Plaintiff's own allegations show probable cause for a "person of ordinary care and prudence to believe, or to entertain a strong suspicion, that [he] [wa]s mentally disordered and [posed] a danger to himself" at the time he was detained. *Id.*

Plaintiff also claims to have "blacked out," awoke to an officer's knee in his face, and to have "heard a gun discharge and felt a burning pain in [his] leg," *see* Compl., Doc. No. 1 at 3. These statements imply that in addition to challenging the probable cause supporting his arrest, Plaintiff may also seek to challenge the reasonableness of the force used by the unidentified SDCSD deputies who participated in his effecting the seizure. However, his pleading offers no further "factual content that allows the court to draw the reasonable inference" that any individual person acted unlawfully under the circumstances. *See Iqbal*, 556 U.S. at 678 (noting that while Plaintiff need not plead "detailed factual allegations," in order to state a plausible claim for relief, he must provide "more than … unadorned, the-defendant-unlawfully-harmed-me accusations.") (citation omitted); *see also Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009) (discussing "integral participant" doctrine in context of Fourth Amendment excessive force claims); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n. 12 (9th Cir. 2007).

In order to state a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983, Plaintiff must allege facts to plausibly show that each person acting "under color of state law" violated his Fourth Amendment rights by using force which was excessive given: "(1) the severity of the crime at issue, (2) [consideration of] whether the [plaintiff] pose[d] an immediate threat to the safety of the officers or others, ... (3) whether he [was]

actively resisting arrest or attempting to evade arrest by flight," and any other "exigent circumstances [that] existed at the time of the arrest." *Chew v. Gates*, 27 F.3d 1432, 1440-41 & n.5 (9th Cir. 1994) (citing *Graham*, 490 U.S. at 396); *see also Brosseau v. Haugen*, 543 U.S. 194, 197 (2004).

Finally, before he can state *any* Fourth Amendment violation against the SDCSD deputies he seeks to sue under § 1983, Plaintiff must identify them by name. An effective summons cannot issue in an IFP proceeding for use by the U.S. Marshal who may be charged with effecting its service pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) until and unless Plaintiff's pleading survives the initial screening required by 28 U.S.C. § 1915(e)(2), and it names the individual persons whom he claims are liable. *See Aviles v. Village of Bedford Park,* 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. CV 18-00249 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018).

Thus, for all these reasons, the Court finds Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1127.

### III. Conclusion and Order

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2);

2) **DISMISSES** Plaintiff's Complaint sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended

pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: August 23, 2018

HON. MICHAEL M. ANELLO
United States District Judge