# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETEMA L. ROSS, Patient #068942-2, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; ALL (UNKNOWN) INVOLVED OFFICERS, <br><br> Defendants. | Case No. 3:18-cv-01197-MMA-MDD <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Ketema L. Ross, while committed to Atascadero State Hospital ("ASH") and proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 and seeking damages against the San Diego County Sheriff's Department ("SDCSD") and several unknown SDCSD officers. *See* Compl., Doc. No. 1 at 1-2.

Plaintiff, who suffers from bi-polar disorder, claimed the SDCSD and several unidentified deputies violated his Fourth Amendment rights during his November 26, 2016 arrest. Plaintiff admitted he was un-medicated, disoriented, inadequately clothed, and seeking shelter at the Mall of the Americas near the U.S.-Mexico border at the time. *Id.* at 2-3. He sought $10,000 in both general and punitive damages, and requested an injunction enjoining harassment and further injury. *Id.* at 5.

1

## I. Procedural History

On August 23, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* ("*IFP*"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Doc. No. 3. Plaintiff was notified of his pleading deficiencies, and granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 5-11. Plaintiff was further cautioned his failure to amend would result in the dismissal of his case. *Id.* at 11 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court issued its August 23, 2018 Order, and Plaintiff's Amended Complaint was due on or before October 9, 2018. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety **without prejudice** based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's August 23, 2018 Order.

---

[1] In fact, it appears Plaintiff has been released from ASH because the Court's August 23, 2018 Order was returned by the U.S. Post Office as undeliverable on August 29, 2018. *See* Doc. No. 4. "A party proceeding pro se must keep the court and opposing parties advised as to current address." S.D. Cal. CivLR 83.11.b. Should mail directed to a pro se plaintiff at his last designated address be returned by the Post Office, and no notice of change of address be submitted within 60 days, "the Court may dismiss the action without prejudice for failure to prosecute." *Id.*

| | |
|---|---|
| 1 | The Court further **CERTIFIES** that an *IFP* appeal would not be taken in good faith |
| 2 | pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of |
| 3 | dismissal and to close the file. |
| 4 | **IT IS SO ORDERED**. |
| 5 | DATE: October 30, 3018 |

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge

3

3:18-cv-01197-MMA-MDD